**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JASON BEEM,**

**Plaintiff,**

**vs.**

**CASE NUMBER: 8:26-cv-2720**

**TROOPER GRANT GALLOWAY; Individually, and COLONEL GARY L. HOWZE II, in his official capacity as Director of the FHP;**

**Defendants.**
______________________________/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, JASON BEEM (BEEM), and sues the Defendants, TROOPER GRANT GALLOWAY (TROOPER), and COLONEL GARY L. HOWZE II (HOWZE), and alleges:

## GENERAL ALLEGATIONS

1. This action arises under the Constitution and laws of the United States, particularly 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331

and 1343.

3. This action arises from the wrongful arrest of BEEM by TROOPER on January 22, 2024.

4. The damages sought in this action exceed $75,000, exclusive of interest, costs, and attorney's fees.

5. The § 768.28 Notice of Claim was provided more than six (6) months ago on or about September 3, 2024. Venue is proper in the Middle District of Florida because the wrongful arrest of BEEM occurred in Pasco County, Florida.

6. This Court has jurisdiction over the state law claims asserted herein, and it also has concurrent jurisdiction over the federal claims for violations of BEEM's Civil Rights asserted herein. The Court has both personal jurisdiction over the defendants and subject matter jurisdiction to hear Plaintiff's claims herein.

7. At all times material, Plaintiff BEEM is *sui juris* and was a resident of Pinellas County, Florida.

8. Defendant TROOPER at all times material, was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Florida Highway Patrol. Defendant, TROOPER, is sued in his individual capacity.

9. Defendant HOWZE is the Director of Florida Highway Patrol and the constitutional officer to be sued for wrongful acts of the Director's troopers. The

Florida Highway Patrol is the government entity that employed TROOPER and was his employer when the false arrest of BEEM occurred. Defendant, HOWZE, is sued in his official capacity only.

10. All conditions precedent to filing this suit have been satisfied, performed, waived, or otherwise satisfied.

## FACTS

11. On January 22, 2024, at 10:58 PM Jason Beem was pulled over by Trooper Galloway, for allegedly failing to maintain a single lane.

12. Mr. Beem was asked to perform Field Sobriety Exercises, each of which he performed without issue.

13. At 11:11 PM Trooper Galloway arrested Jason Beem for driving under the influence of alcohol.

14. On January 23, 2024, at 12:17 am and 12:20 am Mr. Breem provided two breath samples of 0.00.

15. At this time, Mr. Beem should have been released from custody as there was no evidence that Mr. Beem was under the influence of alcohol, as suspected by Trooper Galloway.

16. Instead, Trooper Galloway requested a urine sample. At 12:26 am, Mr. Beem provided the urine sample.

17. A Drug Influence Evaluation was conducted at 12:22AM and completed at 12:50 AM. It was Drug Recognition Expert, Sgt. Anthony Palese's, opinion that Mr. Beem was not impaired.

18. Mr. Beem consumed no alcohol or controlled substances prior to operating his vehicle on January 22, 2024.

19. Under the totality of the circumstances, no reasonable officer would believe Mr. Beem was impaired.

20. On February 27, 2024 the State Nolle Processed the criminal case.

21. On August 9, 2024, the civil infraction for failure to maintain lane was dismissed.

**COUNT I – SECTION 1983 FALSE ARREST CLAIM AGAINST TROOPER**

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 – 21 above, and further alleges:

23. Plaintiff was unlawfully seized by Defendant, TROOPER, through the intentional confinement of Plaintiff when Defendant placed him in handcuffs, in the back of his patrol car, and transported him to the Pasco County Jail.

24. The warrantless arrest of Plaintiff without even arguable probable cause violated Plaintiff's Fourth Amendment rights.

25. The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to

believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

26. A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

27. The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

28. As a direct and proximate result of the aforementioned actions and omissions of the TROOPER, Plaintiff, BEEM'S constitutional rights were violated and Plaintiff suffered injuries and damages. Plaintiff seeks recovery from TROOPER all damages to which he may be entitled under federal law for the injuries and damages he sustained and which include, but are not limited to, the following:

a. Emotional Pain and Suffering of a past, present and future nature;

b. Loss of Enjoyment of Life of a past, present and future nature;

c. Loss of Earning Capacity of a past, present and future nature;

d. Punitive damages against Defendant, TROOPER;

e. Pre and Post-Judgment Interest;

f. Statutory and Discretionary Costs;

g. Attorney's fees;

h. All such further relief, both general and specific, to which he may be entitled under the premises.

## STATE LAW CLAIMS

## COUNT II
## FALSE ARREST – DEFENDANT, HOWZE
## (COURSE AND SCOPE OF EMPLOYMENT)

29. The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1 – 21.

30. Defendant, TROOPER's, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, HOWZE.

31. The Defendant, TROOPER, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

32. The actions of Defendant, TROOPER, were performed in the course and scope of his employment with the Florida Highway Patrol and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

33. As a direct and proximate result of the acts of Defendant, TROOPER,

Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in his being forced to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

34. Defendant, TROOPER's, conduct is actionable against Defendant, HOWZE pursuant to § 768.28, Fla. Stat. (2016).

35. As a direct and proximate result of the aforementioned actions and omissions of HOWZE, Plaintiff, BEEM, suffered injuries and damages. Plaintiff seeks recovery from HOWZE of all damages to which he may be entitled under state law for the injuries and damages he sustained and which include, but are not limited to, the following:

a. Emotional Pain and Suffering of a past, present and future nature;

b. Permanent Impairment of a past, present and future nature;

c. Loss of Enjoyment of Life of a past, present and future nature;

d. Loss of Earning Capacity of a past, present and future nature;

e. Post-Judgment Interest;

f. Statutory and Discretionary Costs;

g. Attorney's fees;

h. All such further relief, both general and specific, to which he may be entitled under the premises.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by Jury on all counts and issues triable by jury as a matter of right.

**RESPECTFULLY SUBMITTED** this 17th day of September 2026.

**MICHAEL P. MADDUX, P.A.**

***s/Michael P. Maddux***
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Lead Trial Counsel for Plaintiff
Jennifer M. Szymczak, Esquire
Florida Bar Number: 85487
Co-Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail: mmaddux@madduxattorneys.com
jszymczak@madduxattorneys.com
ctonski@madduxattorneys.com